USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 30 2015



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Andrea Brannon,
                    Plaintiff

            v.

City of New York *et. al*
                    Defendants

14-CV-2849 (AJN)(SN)

**MOTION FOR SUBSTITUTION**

Jonathan Corbett, as administrator of the estate of Plaintiff Andrea Brannon, moves the Court to substitute himself for the current Plaintiff in this action under Fed. R. Civ. P., Rule 25(a)(1).

## I.    BACKGROUND

Plaintiff commenced this action on April 22nd, 2014, complaining of civil rights violations at the hands of New York City police officers on two separate occasions. *See* Complaint, D.E. #1, ¶¶ 1 – 4.   During both of these occasions, Plaintiff was seized, and during one of the two occasions, she was searched, but on neither of these occasions was there probable cause that Plaintiff had personally committed a crime. *See* Complaint, D.E. #1, ¶¶ 16, 25, 30.

The original complaint named the city itself as well as 20 "John Doe" police officers. After a motion to dismiss by the city, Plaintiff stipulated to the dismissal of the city and proceeded with the case solely against the individual officers. *See* Letter to Chambers, D.E. ## 16, 27. Discovery had commenced, but it is unknown to the movant to what extent the parties had completed discovery.

- 1 -

## II.   CURRENT STATUS

### A.   Death Of Plaintiff

On February 7th, 2015, Petitioner was pronounced dead in New York City[1]. *See* Exhibit A, Declaration of Jonathan Corbett, ¶ 3. Plaintiff's death was sudden and unexpected, and as a result, Plaintiff was unable to make arrangements for the continuation of this lawsuit. *See Id.*, ¶¶ 3, 10.

### B.   Surrogate Court Proceedings

Approximately 2 weeks after Plaintiff's death, Corbett petitioned the Surrogate Court of New York County for appointment as estate administrator. *See Id.*, ¶ 7. Corbett was Petitioner's boyfriend and confidant, and Andrea's only immediate family and sole heir – her mother – consented to Corbett's petition. *See Id.*, ¶¶ 4 – 7.

The petition was granted on March 11th, 2015. *See* Exhibit B, Letters of Administration. The Surrogate Court was informed of this proceeding in the petition, and ordered that Corbett may prosecute this action but must seek approval of "this court, or the order of any court of competent jurisdiction (EPTL 5-4.6)[2]" before settling the case or enforcing a judgment. *Id.*

---

[1] The death is stipulated by both parties. *See* Suggestion of Death, D.E. #29 (Mar.5[th], 2015). Should the Court want a copy of the death certificate to be filed, Corbett will formally request the Court's permission to do so under seal.

[2] New York Estates, Powers, and Trusts Law 5-4.6 appears to apply to this action only to the extent that the defendants are accused of contributing to Plaintiff's death, which is not presently a part of the complaint. Notwithstanding, Corbett will seek the Surrogate Court's approval of any settlement in this action, whether or not the complaint is amended to allege that defendants caused Plaintiff's death, due to the wording of the Surrogate Court's order.

## III.   ARGUMENT

### A.   Plaintiff's Claim Survives Her Death

Plaintiff's claim is a § 1983 suit asserting alleging that state actors violated her federal constitutional rights by intruding onto her person without authority.  While § 1983 is silent on whether claims made under it survive the death of the plaintiff, federal common-law allows for recovery unless state law 1) abates the claim (or the most analogous claim under state law), and 2) is not inconsistent with § 1983.  *See McFadden v. Sanchez*, 710 F.2d 907, 910, 911 (2nd Cir. 1983) (*discussing Robertson v. Wegmann*, 436 U.S. 584 (1978)).

In New York, this is a non-issue.  No state law abates the claim; on the contrary, state law specifically allows claims for injuries to the person to proceed after death.  *See* N.Y. EPT. LAW § 11-3.2 ("Action for injury to person or property survives despite death").  Therefore, federal and state law are in agreement on the issue and no complex analysis of preemption need be completed.

### B.   Corbett Is The Appropriate Party to Substitute

Rule 25(a)(1) allows the Court to substitute the "proper party."  The determination of who is a "proper party" looks to state law for its substantive content, and as the Court's sister court to the east explained recently, in the event that an estate has not been distributed, the proper party is "a person lawfully designated by state authority to represent the deceased's estate." *See Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137.

In the instant case, the estate has not been distributed.  *See* Exhibit A, ¶ 9. The appropriate state court has ordered that Corbett fill the role of the representative of the estate, and

specifically granted him the power to prosecute this action.  *See* Exhibit B.  Accordingly, Corbett, in his capacity as administrator of Plaintiff's estate, is the appropriate party.

## IV.    CONCLUSION

For the foregoing reasons, Corbett respectfully asks the Court to substitute him as Plaintiff for this case in his capacity as estate administrator.  Upon granting of this motion, Corbett will retain counsel to further represent the estate.

Dated: New York, NY
       April 17th, 2015

Respectfully submitted,

Jonathan Corbett
Adm., The Estate of Andrea J. Brannon
228 Park Ave S. #86952
New York, NY 10003
E-mail: jon@bluemonster.org

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andrea Brannon,<br>                         Plaintiff<br><br>v.<br><br>City of New York *et. al*<br>                         Defendants | **14-CV-2849 (AJN)(SN)**<br><br><br>**DECLARATION OF**<br>**JONATHAN CORBETT** |

I, Jonathan Corbett, appearing in my individual capacity, hereby declare as follows:

1. My name is Jonathan Corbett, and I am a U.S. citizen over the age of 18.

2. I met Andrea Brannon, the plaintiff named in this case, on or about January 28th, 2012.

3. Andrea passed away on February 7th, 2015 after sustaining injuries from falling form a height of about 250 feet. I am aware of these facts based on personal observation (finding her after the fall), by identifying Andrea's body at the New York City Office of the Chief Medical Examiner in Manhattan on or about February 9th, 2015, and by reviewing the death certificate in Andrea's name subsequently issued by that office.

4. I was Andrea's boyfriend through much of the time between meeting and her death, and the living person to whom she was closest at the time of her death.

5. Andrea was survived by neither her grandparents nor father, and had no children; her mother is her sole immediate family member. I am aware of these facts based on conversations with Andrea before she passed away as well as conversations with her mother.

6. It is well-known to myself, to Andrea's mother, and to her other friends that Andrea entrusted me, more so than any other living person, with her affairs in life and without a doubt would have had a preference that I handle her affairs in death.

7. For the foregoing reasons, and with the written consent of Andrea's mother, I petitioned the Surrogate's Court of New York County for letters of administration.

8. Letters were granted on March 11th, 2015.

9. At present, no disbursements have yet been made from the estate, save for funeral expenses.

10. Because of the sudden nature of her death, Andrea did not leave behind instructions for how to proceed with this suit.

Dated: New York, NY
       April 17th, 2015

Respectfully submitted,

Jonathan Corbett

*in his individual capacity*

228 Park Ave S. #86952

New York, NY 10003

E-mail: jon@bluemonster.org

**Exhibit B**

# Surrogate's Court of the County of New York

Whereas, a decree has been entered by this court directing the issuance to you of LETTERS OF LIMITED ADMINISTRATION, upon your qualifying, according to law.

Now, therefore, you are hereby authorized to administer the estate of said deceased subject to the jurisdiction and the supervision of this court.

**File #: 2015-777**

**Date of Death: 02-07-2015**

Name of Decedent: **Andrea Jennifer Brannon**
AKA **Blue Monster**

Domicile: **County of New York**

Type of Letters Issued: **LETTERS OF LIMITED ADMINISTRATION**

Fiduciary Appointed: **Jonathan Corbett**

**Limitations: These letters authorize the collection only of a total of $8,000.00 dollars. Any collection above the amount must be authorized by further order of the Surrogate. These letters with respect to the cause of action are limited to the power to prosecute and confer no power to compromise the action, collect any settlement or enforce any judgement until further order of this court, or the order of any court of competent jurisdiction (EPTL 5-4.6).**

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: March 11, 2015

IN TESTIMONY WHEREOF, the seal of the New York County Surrogate's Court has been affixed.

WITNESS, Hon Nora S Anderson, Judge of the New York County Surrogate's Court

Diana Sanabria, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the New York County Surrogate's Coun*

NOTICE: Attention is called to the provision of Sec. 11-1.6 of Estates, Powers and Trusts law and Sec. 719 of the Surrogate's Courts Procedure Act, which makes it a misdemeanor and a cause for removal for a fiduciary to deposit or invest estate funds in his individual account or name. All funds must be deposited in the name of the fiduciary and to the credit of the estate. Sec 708 and Sec 711 of the Surrogate's Court Procedure Act provide that if the address of the fiduciary changes they shall promptly notify the court of the new address and that failure to do so within thirty (30) days after such change may result in the suspension or revocation of letters.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andrea Brannon,<br>                    Plaintiff<br><br>v.<br><br>City of New York *et. al*<br>                    Defendants | **14-CV-2849 (AJN)(SN)**<br><br><br>**AFFIRMATION OF SERVICE** |

I, Jonathan Corbett, as administrator of the estate of Plaintiff Andrea Brannon, affirm that

I have served this Motion for Substitution on:

Theresa Jeanine D'Andrea

New York City Law Department

100 Church Street

New York, NY 10007

via USPS First Class Mail on April 17th, 2015.

Dated: New York, NY

        April 17th, 2015

Respectfully submitted,

Jonathan Corbett

Adm., The Estate of Andrea J. Brannon

228 Park Ave S. #86952

New York, NY 10003

E-mail: jon@bluemonster.org