## D'Andrea, Theresa (Law)

**From:** Andrea Brannon <moneta.xi@gmail.com>
**Sent:** Tuesday, February 03, 2015 1:10 PM
**To:** D'Andrea, Theresa (Law)
**Subject:** Re: Andrea Brannon v. City of New York, et al., 14 Civ. 2849 (AJN) (SN)

Thank you. I will keep an eye out for the documents.

On Tuesday, February 3, 2015, D'Andrea, Theresa (Law) <tdandrea@law.nyc.gov> wrote:

Ms. Brannon,


Defendants offer $1,850, inclusive of costs and fees, to settle all of plaintiff's claims to date.


I will write to the Court to let it know this case has settled – and I will mail you the settlement paperwork.


Theresa D'Andrea

Assistant Corporation Counsel

Special Federal Litigation Division

New York City Law Department

100 Church Street, 3-179

New York, NY 10007

(212) 356-3187

tdandrea@law.nyc.gov


**From:** Andrea Brannon [mailto:moneta.xi@gmail.com]
**Sent:** Tuesday, January 27, 2015 2:54 PM
**To:** D'Andrea, Theresa (Law)
**Subject:** Re: Andrea Brannon v. City of New York, et al., 14 Civ. 2849 (AJN) (SN)

1

Theresa,

I apologize for the delay in my response, the first part of the year is a busy time.

I disagree that the city would win on a motion for summary judgment for the 2012 incident, as greeting guests would not give rise to reasonable suspicion that I, personally, was violating ABC law. Suspicion that criminal activity is nearby is not justification to detain everyone in the area absent individualized suspicion. But, in the interest of settling this matter immediately, I would agree to dismiss both counts for $1,500 *plus* my filing fee of $350, for a total of $1,850. This is the lowest offer I am willing to accept at this time, and will need to proceed towards discovery otherwise. Please let me know your supervisor's thoughts.

-Andrea Brannon

On Thu, Jan 22, 2015 at 7:19 PM, D'Andrea, Theresa (Law) <tdandrea@law.nyc.gov> wrote:

Andrea Brannon v. City of New York, et al., 14 Civ. 2849 (AJN) (SN)

Ms. Brannon,

I am writing to follow-up with your demand for $3,000. Based on your demand, I am assuming that you are evaluating each incident at $1,500 (please correct me if I'm incorrect). After further review with my office, I am willing to ask for $1,500, to settle the second incident that occurred in March of 2014 (although I make no representation that I can actually obtain this amount of money at this time).

As for the November 25, 2012, incident, you have admitted to both myself and the Court that you were a greeter at an unlicensed warehouse party. As this unlicensed party violated New York State law (such as New York State Alcoholic Beverage Control Law Section 100) and local law, it was reasonable for the officers to detain and search those individuals who were participating in this party. The officers only need reasonable suspicion to detain and search a person – not probable cause. "The standard [for reasonable suspicion] is 'not high.'" United States v. Bailey, 743 F.3d 322, 332 (2d Cir. 2014). "Notably, it is less than probable cause, requiring only facts sufficient to give rise to a reasonable suspicion that criminal activity 'may be afoot.'" Id. Reasonable suspicion is assessed based on the totality of circumstances. Here, the officers detained and searched you after observing that you were a greeter at this unlicensed party, which you have admitted to in your complaint and in court. Once the officers ascertained who was actually running the illegal

party, you were no longer detained by the NYPD. The officers' actions are objectively reasonable and would not survive a motion for summary judgment.

Please advise on whether you are willing to accept $1,500, to settle your lawsuit against the City defendants, and I will then put in the request with my supervisor.

Very truly yours,

**Theresa D'Andrea**

Assistant Corporation Counsel

Special Federal Litigation Division

New York City Law Department

100 Church Street, 3-179

New York, NY 10007

(212) 356-3187

tdandrea@law.nyc.gov